UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
THE GORDON COMPANY, INC., CLEARBID,
INC. and NREL, INC., as assignees of Robert
L. Pryor, the Chapter 7 Trustee of Long
Island Health Associates, Corp.,                           MEMORANDUM AND ORDER

               Plaintiffs,                              CV 06-1256

     -against-                                              (Wexler, J.)

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICAN f/k/a/
TRAVELERS INDEMNITY COMPANY
OF ILLINOIS,

               Defendants.
-----------------------------------------------------------X
APPEARANCES:

    SILLER WILK, LLP
    BY: ERIC J. SNYDER, ESQ.
    Attorneys for Plaintiff
    675 Third Avenue 9th Floor
    New York, New York 10017

    ROBINSON & COLE LLP
    BY: STEPHEN E. GOLDMAN, ESQ.
    Attorneys for Defendants
    280 Trumbull Street
    Hartford, Connecticut 06103

WEXLER, District Judge

       The parties in this matter are litigating the issue of whether the defendant insurance company is obligated to cover certain losses of personal property following the freezing and cracking of water pipes. Because the loss occurred at a property occupied by an entity that is in Chapter 7 bankruptcy proceedings, the coverage issue has been litigated, for the past year, in the bankruptcy court. Presently before this court is a motion to withdraw the reference of this matter to the bankruptcy court. Defendants seeks withdrawal of the reference on the grounds that: (1)

there is a related proceeding pending before this court with which this matter should be consolidated and (2) a jury trial that may not be conducted before the bankruptcy court has been requested. For the reasons set forth below, the motion for withdrawal is denied at this time, without prejudice to renewal at the conclusion of all pretrial matters before the bankruptcy judge and the certification of this case as trial ready.

## BACKGROUND

I.  The Parties and the Coverage Dispute

In October of 2000, Long Island Health Associates, Corp., ("LIHA" or the "Debtor"), the operator of a hospital known as Hempstead Hospital (the "Hospital"), filed bankruptcy proceedings. Operations at the Hospital continued until July of 2003 when it stopped accepting patients and began winding up its operations. The policy of insurance at issue here (the "Policy") was issued to LIHA by Travelers Property Casualty Company of America ("Travelers" or the "Insurance Company") and covered the time period of May 21, 2003 through May 21, 2004. The Policy covered, inter alia, certain equipment and personal property located at the Hospital.

The loss for which coverage is sought occurred as a result of pipes freezing and cracking in January of 2004. The damage was discovered after Plaintiffs here agreed to purchase the real property where the Hospital was located. Despite the damage, Plaintiffs purchased the property. In addition, Plaintiffs purchased from the Chapter 7 Trustee (the "Trustee") of the Debtor, the right to collect on the Policy. As a result of this sale, Plaintiffs became the successors in interest to the Trustee.

II.  Prior Proceedings

   A.  The Bankruptcy Proceedings

As noted, the Debtor has been involved in bankruptcy proceedings since October of 2000. In April of 2005, Plaintiffs filed their complaint, with the bankruptcy court, seeking to collect on the Policy for damage to personal property sustained as a result of the January 2004 cracked pipes. That complaint seeks over $5 million in damages, alleged to be the full replacement cost of the damaged property. Travelers answered Plaintiffs' complaint in June of 2005 and the bankruptcy court held its first pretrial conference on this case on June 23, 2005. At the conference, counsel for Travelers raised the issue of a jury trial. The following discussion took place:

> Counsel:     Okay, Your honor, I should mention that we have claimed this for a jury trial, and –
>
> The Court:   The rule in this District is up until the jury trial, and if there is an issue about that, then it goes to the District court. They don't want to be bothered with this until then.
>
> Counsel:     Right.
>
> The Court:   So you will be here until we – if it's settled, it's settled.
>
> Counsel:     I understand.
>
> The Court:   If it's not, you'll go to the District Court. We have very good District court judges right in the building, they'll take care of it.
>
> Counsel:     Okay. I understand, your Honor.
>
> The Court:   All right.
>
> Counsel:     Thank you.
>
> The Court:   They don't want to see it before.
>
> Counsel:     No, I understand, your Honor, because we were contemplating filing a motion to revoke the reference because it's a jury trial, but I understand

|  |  |
|---|---|
|  | that is the way courts in this District typically handle that, so I don't know if I should file that motion and have it deferred until that time or – |
| The Court: | Sir, you could do whatever you like. |
| Counsel: | Okay. Thank you. Your Honor. |
| The Court: | I'm merely telling you that from my experience – |
| Counsel: | Thank you. I appreciate it. |
| The Court: | – they don't see any reason why I can't do it as well as a magistrate, who would have to do the same thing. |
| Counsel: | No. I understand. I was concerned more with the jury trial aspect, but I understand what you're saying. |
| The Court: | I'm not having any jury trial. Okay? |

After the conference, the parties began to engage in discovery before the bankruptcy court. They thereafter cross-moved for summary judgment. Oral argument was held on January 24, 2006 and the bankruptcy court thereafter granted in part and denied in part the motions. The parties are currently engaged in continuing discovery that is supervised by the bankruptcy court.

B.  The Action Commenced in the State Court and Removed to this Court

In December of 2005, a corporation known as 800 Front Street Corporation ("800 Front Street") commenced an action in the Supreme Court of the State of New York, County of Nassau, naming Travelers and the Hartford Steam Boiler Inspection and Insurance Company as defendants. That action arises out of the same event leading to Plaintiffs' claim before the bankruptcy court and seeks $2.5 million in compensation for damage to the property where the Hospital was located. In February 2006, the action was removed to Federal Court on the basis of diversity of citizenship and is now pending here (hereinafter the "District Court Action").[1]

---

[1] The District Court case referred to herein bears docket number 06-500 and is Traveler's removal of the state court action. Its co-defendant separately removed the state court action. The latter removal was docketed in this court under docket number 06-521 and has been consolidated with this action.

II.  The Motion to Withdraw the Reference

Presently before the court is the motion of Travelers, pursuant to 28 U.S.C. §157(d), for an order withdrawing the reference of this matter to the Bankruptcy Court. Travelers argues that judicial economy will be served by granting of the motion because discovery in the matter pending before the bankruptcy court can be consolidated with discovery to be held in the District Court Action. It is also argued that withdrawal is warranted because the proceeding in this matter will ultimately be tried by a jury. Plaintiffs' opposition to the motion to withdraw argues that Travelers' motion is nothing more than an attempt to forum shop after receiving an unfavorable decision on its summary judgment motion before the bankruptcy court. It is further argued that Travelers' delay in making the withdrawal motion has resulted in a waiver of its right to request a jury trial.

DISCUSSION

I.  Legal Principles

28 U.S.C. § 157(a) allows district courts to refer to bankruptcy courts "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 157(a). The motion here seeks withdrawal of that reference and is governed by 28 U.S.C. § 157(d) ("Section 157(d)"). Section 157(d) provides that a district court may, upon motion and a showing of cause, withdraw the reference to the bankruptcy court. When determining whether withdrawal is appropriate, a district court considers whether the claim litigated is core or non-core, whether it is legal or equitable, judicial efficiency, prevention of forum shopping and the uniform administration of the bankruptcy laws. Enron Corp. v. Telplexus, Inc., 2004 WL 2912893 *1 (S.D.N.Y. 2004); see In re Orion Pictures Corp., 4 F.3d 1095, 1101 (2d Cir. 1993). With respect to the issue of a party's entitlement to a jury trial, 28

U.S.C. §157(e) provides that the bankruptcy court may conduct a jury trial where there is "express consent" of all parties. 28 U.S.C. §157(e). In absence of consent, the district court can determine withdraw the reference to the bankruptcy court at the time the motion is made or leave the case in bankruptcy court for pretrial purposes and allow renewal when the proceeding is ready for trial. See e.g., McCord v. Papantoniou, 316 B.R. 113, 125 (E.D.N.Y. 2004); In re CIS Corporation, 172 B.R. 728, 764 (S.D.N.Y. 1994).

II.  Disposition of the Motion

As a threshold matter, the court considers whether Travelers has waived its right to request a jury trial. A review of the proceedings and, in particular, the transcript of the pretrial conference referred to above, convinces this court that there has been no such waiver. It is clear that Travelers raised the jury trial issue as early in the proceedings as possible – at the first pretrial conference before the bankruptcy court. The bankruptcy judge acknowledged that request and indicated that the request would be considered at the conclusion of pretrial proceedings. Under these circumstances there is no waiver and the cases relied upon by Plaintiffs are completely inapposite.

In light of the foregoing, the court holds, and the parties do not otherwise appear to dispute, that Travelers has a right to have its claim decided by a jury. There has been neither a waiver of that right nor an agreement, pursuant to 28 U.S.C. §157(e), to have the bankruptcy court conduct a jury trial. Having made these determinations, the court holds that ultimately this case will be tried before this court. The court now turns to consider Travelers' argument that withdrawal of the reference is required at this time to further the interests of judicial economy. According to Travelers, this court should withdraw the reference and take over supervision of the discovery now pending in the bankruptcy court. Judicial economy, however, may well be

favored by leaving this action in bankruptcy court for pretrial determinations and the possibility of resolution by dispositive motions. See McCord, 316 B.R. 113 at 126; In re APPONLINE.COM, INC., 303 B.R. 723, 727 (E.D.N.Y. 2004). While the court acknowledges the related nature of this proceeding to the District Court Action, the court notes also that discovery in that action has only just begun. Discovery in this matter, in contrast, has progressed much further and has been well supervised by the bankruptcy judge. Since the bankruptcy court is already familiar with the underlying action, it is in a better position to deal with pretrial matters. See In re CIS Corporation, 172 B.R. 728 at 764. The court sees no reason to disrupt those proceedings at this time. To do so would only delay the present action.

In light of the foregoing, the court holds that while Travelers has a right to have its case tried before a jury, it will not grant the motion to withdraw the reference to the bankruptcy court at this time. Instead, the motion to withdraw the reference is denied without prejudice to renewal upon the completion of pretrial proceedings before the bankruptcy judge and the certification of this case as trial ready. Accord Enron, 2004 WL 7693 at *6 (denying motion to withdraw without prejudice to renew); McCord v. Papantoniou, 316 B.R. 113, 126 (E.D.N.Y. 2004).

SO ORDERED.

/s/
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
Aug. 3, 2006